IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERARDO REYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-044-A |
| | § | |
| F. SIFUENTES #72917, ET AL., | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the complaint filed in the above-captioned action by plaintiff, Gerardo Reyes, naming as defendants, F. Sifuentes #72917 ("Sifuentes") and K. Asare #70729.

I.

Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325

(1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989); see also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a

constitutional violation.").

Having now considered the allegations in the complaint, the court concludes that all claims asserted against Sifuentes should be dismissed under the provisions of 28 U.S.C. § 1915A. Twombly, 550 U.S. at 555.

II.

Analysis

In the complaint, plaintiff alleges that Sifuentes pushed him and made derogatory statements to him. However, plaintiff fails to allege any injury suffered as a result of the actions of Sifuentes. Furthermore, "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted). Thus, the court finds that plaintiff has not stated a claim upon which relief may be granted against Sifuentes.

III.

Order

Therefore,

The court ORDERS that all claims or causes of action asserted by plaintiff, Gerardo Reyes, against defendant F. Sifuentes #72917 in the above-captioned action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C.

1915A(b).

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Sifuentes.

The court further ORDERS that the caption of this action be, and is hereby, modified by the removal of Sifuentes as a defendant in the above-captioned action.

The court further ORDERS that the caption of this action from this point forward be: "Gerardo Reyes v. K. Asare # 70729."

SIGNED January 21, 2016.

_____
JOHN McBRYDE
United States District Judge