IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| GERARDO REYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-044-A |
| | § | |
| K. ASARE #72917, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment filed in the above-captioned action by defendant, K. Asare #72917. The motion is ripe for ruling and plaintiff has not responded to such motion. Having considered the parties' filings, the summary judgment record, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

Allegations of Plaintiff's Complaint

In a three-page handwritten summary attached to the complaint, and referred to therein, plaintiff alleged the following:

On October 29, 2015, around 4:30 p.m., plaintiff was unable to give Officer Sifuentes[1] his tray because plaintiff was standing in front of the urinal. At 7:53 p.m. defendant "serve[d] [plaintiff] the case[2] and had already written none on the places for the witness." Plaintiff then "[r]ipped the case" and asked defendant to call rank and defendant refused and ordered plaintiff back to his cell. Defendant then grabbed plaintiff by his jumper and pinned him against the wall marking his chest and causing his neck to fracture. When plaintiff tried to get out of the cell, he smashed his hand in the door and called for a sergeant. Sargent Dampier responded and ordered plaintiff back to his cell. When plaintiff was back in his cell, defendant returned and made threatening comments. Then Sargent Olson came to plaintiff's cell and plaintiff explained what happened. Sargent Olson called plaintiff to medical and took pictures of him. As a

---

[1] Plaintiff's complaint also named Officer F. Sifuentes. On January 21, 2016, the court dismissed all of plaintiff's claims or causes of action against Officer F. Sifuentes.

[2] The case is a disciplinary report regarding his earlier incident with the tray.

2

result of these events, plaintiff could not sleep, had back and neck pain, and could hardly eat and had nightmares because of the feeling that his life was in danger.

The complaint does not clearly identify the claims and causes of action plaintiff is trying to assert. It appears that plaintiff is trying to assert an excessive force claim against defendant. By way of relief, plaintiff asks that justice be served and that he get compensation for pain and suffering.

II.

<u>The Summary Judgment Motion</u>

In summary form, the arguments of defendant in his motion for summary judgment are as follows:

Defendant argues that he is entitled to summary judgment as to all of plaintiff's claims, stating:

(1) The evidence conclusively establishes that defendant did not use excessive force against plaintiff or commit any other violation of a clearly established constitutional right;

(2) Plaintiff has sustained no injury in fact in order to maintain a civil rights violation; and

(3) Defendant is entitled to qualified immunity.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also FED. R. CIV. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

4

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see</u> <u>also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Analysis

A.  <u>Excessive Force</u>

The pertinent question in a prisoner's excessive force claim under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). Five factors are frequently used to determine if the force used was applied maliciously or

5

sadistically including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998) (citations omitted).

Here, the extent of the injury in question if there is an injury, is minimal. As stated above, in his complaint, plaintiff alleges that during the course of defendant's use of excessive force he was marked on his chest, his neck was fractured, his hands were smashed in the door, and that following the event, his neck and back hurt and he suffered psychological injuries. Doc.[3] 1 at 8-10. The summary judgment evidence clearly contradicts plaintiff's claims. Plaintiff was seen by a medical professional at 1:00 a.m. on the day following the incident at issue in this action. Doc. 16 at DA014. The report of the medical professional indicates that his chest was examined and skin irritation was present, but there is no mention of a fractured neck or neck or back pain. Doc. 16 at DA 014. An affidavit of the Tarrant County Jail Medical Director states that plaintiff's "medical records do

---

[3] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-044-A.

6

not show evidence demonstrating injury while he was confined in Tarrant County Jail, specifically bone fractures or injury to his back or shoulders (orthopedic), extremities (hands, feet, ankles), or head (including eyes or teeth)." Doc. 16 at DA 063. The medical director's affidavit indicates that plaintiff has complained of back pain on four occasions, two of which were prior to the incident in question in this action. Doc. 16 at DA 063. In addition, the medical director states in his affidavit that he agrees with the assessment of the medical care provider that plaintiff saw on October 29, 2015, "that the redness [on plaintiff's chest] would likely be a minor skin condition, not inconsistent with irritation, possibly from allergies. . . ." Doc. 16 at DA 063. Had plaintiff in fact fractured his neck or suffered some other serious injury, the court is satisfied that medical records would exist to support those injuries. It appears that the only possible injury plaintiff suffered was some type of skin irritation on his chest origin of which is disputed, but, even if the chest irritation was the result of contact with defendant, it was not a serious injury. Thus, the extent of injury to plaintiff in this action is minimal if there is an injury at all.

The affidavits of defendant and Officer Sifuentes reflect that defendant did not push plaintiff. Doc. 16 at DA 052-056.

Defendant states that at no time did he assault plaintiff. Doc. 16 at DA 053. Defendant's affidavit indicates that after plaintiff tore up the disciplinary report, defendant terminated plaintiff's rotation and ordered him back to his cell. Doc. 16 at DA 052. Plaintiff admits that he tore up the report which led to defendant ordering him back to his cell. Doc. 1 at 8. Moving plaintiff to his cell following bad behavior was a legitimate, good-faith response to "maintain or restore discipline" in the prison. See Hudson, 503 U.S. at 7.

Defendant was reasonable in perceiving plaintiff as a threat when plaintiff tore up his disciplinary report. Responding to such threat, by removing him from his rotation to his cell where he would be less likely to harm defendant and others was reasonable. The force used on plaintiff, even if that includes marking his chest in response to his non-compliance with defendant's commands, was not excessive in light of the threat plaintiff posed. As a matter of law, defendant's conduct was not grossly disproportionate to defendant's need to maintain order in the prison. Thus, the summary judgment evidence, interpreted in favor of plaintiff, shows that there was no excessive use of force.

Defendant states that at no time did he assault plaintiff. Doc. 16 at DA 053. Defendant's affidavit indicates that after plaintiff tore up the disciplinary report, defendant terminated plaintiff's rotation and ordered him back to his cell. Doc. 16 at DA 052. Plaintiff admits that he tore up the report which led to defendant ordering him back to his cell. Doc. 1 at 8. Moving plaintiff to his cell following bad behavior was a legitimate, good-faith response to "maintain or restore discipline" in the prison. See Hudson, 503 U.S. at 7.

Defendant was reasonable in perceiving plaintiff as a threat when plaintiff tore up his disciplinary report. Responding to such threat, by removing him from his rotation to his cell where he would be less likely to harm defendant and others was reasonable. The force used on plaintiff, even if that includes marking his chest in response to his non-compliance with defendant's commands, was not excessive in light of the threat plaintiff posed. As a matter of law, defendant's conduct was not grossly disproportionate to defendant's need to maintain order in the prison. Thus, the summary judgment evidence, interpreted in favor of plaintiff, shows that there was no excessive use of force.

B. <u>Qualified Immunity</u>

In the event that there was an excessive use of force, defendant is entitled to assert qualified immunity as a defense. <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1273 (5th Cir. 1992). Qualified immunity shields public safety officials when performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987). The validity of a qualified immunity defense turns on the objective legal reasonableness of the defendant's actions assessed in the light of clearly established law. <u>Id.</u> at 639. As the Fifth Circuit explained in <u>Fraire</u>,

> [i]f reasonable public officials could differ on the lawfulness of the defendant's action, the defendant is entitled to qualified immunity. Thus, even when a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.

957 F.2d at 1273.

When an excessive force claim is asserted against a police officer, the plaintiff "must prove that the defendant's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it

9

amounted to abuse of official power that shocks the conscience." Id. at 1274 (internal quotation marks omitted).

In the instant action, it is unclear if plaintiff even suffered an injury. As discussed above, plaintiff's injuries are questionable at best, however, it is clear that there is no evidence in the summary judgment record from which the court could make a determination that to the extent plaintiff suffered any injury, defendant's actions were "grossly disproportionate to the need for action under the circumstances" or inspired by malice.

The court is satisfied from the summary judgment evidence that a reasonable police officer could conclude that conduct such as defendant's would not violate the right of a person, such as plaintiff, to be free from excessive force. See Fraire, 957 F.2d at 1274. The summary judgment evidence establishes as a matter of law that a reasonable police officer would, and could, conclude that defendant's conduct, under the circumstances existing at the time, was not violative of plaintiff's right to be free of excessive force. Moreover, if the court were to reach the malice issue, there is no suggestion in the summary judgment record that defendant's conduct was inspired by malice, or that his conduct amounted to an abuse of an official power. Stated simply, the summary judgment record establishes as a legal matter that

defendant's conduct was objectively reasonable.

For the reasons stated, the court has concluded that defendant's qualified immunity defense has merit as to the claims asserted by plaintiff against defendant under 42 U.S.C. § 1983.

V.

Order

For the reasons stated above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; and

The court further ORDERS that all claims or causes of action asserted by plaintiff against defendant in the above-captioned action, be, and are hereby, dismissed.

SIGNED April 1, 2016.

_____
JOHN McBRYDE
United States District Judge